UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY J. HASTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HYATT CORPORATION,<br><br>　　　　Defendant. | Case No. 25-cv-04516-RFL<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 21 |

  Plaintiff Bradley Hasty brought this action against Defendant Hyatt Corporation in state court seeking civil penalties under the Labor Code Private Attorneys General Act ("PAGA"). Hasty also brought a putative class action against Hyatt, captioned *Hasty v. Hyatt Corp.*, No. 25-cv-02662-RFL ("the Hasty Class Action"), which has been removed to federal court. Hyatt removed this case to federal court on the sole basis that Section 301 of the Labor Management Relations Act ("LMRA") preempted Hasty's claims. (Dkt. No. 1 at 4, ¶ 11.)[1] In the Hasty Class Action, Hyatt seeks to have the instant case consolidated. In this case, Hasty now moves to have his case remanded to state court. (Dkt. No. 21.)

  Because the Court has subject matter jurisdiction under Section 301 and 28 U.S.C. § 1367, Hasty's motion to remand is **DENIED**. This case shall be consolidated with *Hasty v. Hyatt Corp.*, No. 25-cv-02662-RFL. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

  Section 301 preempts Hasty's PAGA claim arising from Hyatt's alleged violation of Labor Code Section 204. Hasty's complaint alleges that Hyatt (a) "maintained a consistently

---

[1] All references to page numbers refer to ECF pagination.

1

applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between of the 1st and 10th day of the following month" and (b) "failed to pay all wages earned by not more than seven calendar days following the close of the payroll period" (Dkt. No. 1 at 47, ¶ 115), both in violation of Section 204(a).  However, Section 204(c) of the Labor Code provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees," not Section 204(a).  Hasty does not dispute that the CBA governing his employment provides different pay arrangements from Section 204(a), paying some employees semi-monthly and others weekly or daily.  (Dkt. No. 4 at 89.)  Hasty instead states that he agrees to dismiss the Section 204 claim.  (Dkt. No. 21 at 14.)  Hasty has yet to dismiss his Section 204 claim, therefore, the claim persists and is preempted by Section 301 of the LMRA.  *Johnson v. S.F. Health Care & Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *9 (N.D. Cal. July 15, 2022) ("[T]he statutory exemption in § 204(c) applies.  Because the exemption applies, . . . LMRA § 301 preempts Plaintiff's § 204(a) claim.").  Accordingly, the Court also has supplemental jurisdiction over Hasty's remaining claims, which "arise from the same working conditions and relationship with [Hyatt] during the same period" as his Section 204 claim.  *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (quoting *Gay v. Pac. Steel Grp.*, No. 20-cv-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021)).

     For the foregoing reasons, Hasty's motion to remand is denied.

**IT IS SO ORDERED.**

Dated: December 8, 2025

 

RITA F. LIN
United States District Judge